UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW AARON SIMPSON BEY, II,

              Plaintiff,                          Case No. 2:25-cv-13732

v.                                           Honorable Susan K. DeClercq
                                             United States District Judge

DAVID M. LAWSON, et al.,

              Defendants.

_____/

**ORDER AND OPINION GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF No. 16), SUMMARILY DISMISSING THE FOURTH AMENDED COMPLAINT (ECF No. 17) AND DENYING PLAINTIFF'S MOTIONS TO SEAL (ECF Nos. 9; 11)**

In November 2025, Plaintiff Matthew Aaron Simpson Bey, II, proceeding *pro se*, filed a complaint naming 22 Defendants: United States District Judge Lawson, three federal court security officers (CSOs), two United States Marshals, eight Sanilac County officers, five unnamed Defendants, a Defendant called "Leen #275," GrubHub, and Experian Information Solutions, Inc. He also filed an application to proceed *in forma pauperis* (IFP). He has since filed four amended complaints, a second IFP application, and two motions to seal.[1] As explained below, this Court

_____

[1] As of his fourth amended complaint, the number of Defendants is now 35, including an additional United States Marshal; ten other "officers"; the law firm, Jones Day; and its associate, Parker Jacob Feldman.

will grant the second IFP application but will summarily dismiss the amended complaint because it does not state a claim on which relief may be granted. Additionally, this Court will deny the motions to seal.

## I. BACKGROUND

On November 21, 2025, Plaintiff Matthew Aaron Simpson Bey, II filed a complaint and an application to proceed *in forma pauperis*. ECF Nos. 1; 2. On December 3, 2025, this Court issued an order directing Simpson Bey to either pay the filing fee or correct the deficiencies in his application that prevented this Court from determining whether he is indigent. ECF No. 7. That same day, Simpson Bey filed an amended complaint. ECF No. 8. Since then, he has filed three additional amended complaints. ECF Nos. 13; 14; 17.

In his fourth amended complaint, Simpson Bey alleges that on December 8, 2025, three CSOs allegedly harassed him when he entered the building to file documents. ECF No. 17 at PageID.209–10. He explains that his photograph was on the counter at the Clerk's Office, which, he alleges, the United States Marshals forced him to have taken. *Id.* at PageID.209. He adds that the CSOs "said they had to check and see if [Simpson Bey] needed to be escorted," which, Simpson Bey says he has not witnessed happen to anyone else who has entered the building. *Id.* at PageID.209–10. Simpson Bey asserts that he has "a right to enter this building without being harassed and treated like [he is] a terr[or]ist or like [he is] going to

harm someone in the building. It's like [the CSOs] are trying to intimidate [him] or something so [he] would stop coming back." *Id.*

Also on December 8, 2025, Simpson Bey filed another application to proceed *in forma pauperis*. ECF No. 16. Although still sparse, the application is complete enough for this Court to grant the application. *Cf. Sprinkle v. Asadoorian*, No. 16-10631, 2016 WL 1090495, at *2, *4 (E.D. Mich. Mar. 21, 2016) (denying the plaintiff's IFP application because she provided no responses to the questions, rendering the application "essentially blank and incomplete").

In addition to these filings, Simpson Bey filed two motions to seal. ECF Nos. 9; 11. The first motion stated: "I need all of these documents to be sealed [because] they are trust property and are not for the public's eye. Seal them." ECF No. 9 at PageID.112. In the second motion, Simpson Bey specified a request to seal seven exhibits, ECF No. 12, because they were "trust property not for the public." ECF No. 11 at PageID.163.[2]

---

[2] The exhibits include an incomplete power of attorney document, a form from a probate court with instructions stating that "[w]e generally do not accept trust documentation," a declaration of a trust between Simpson Bey and another individual, another declaration of a trust from Simpson Bey to himself, a "UCC Financing Statement," a scan of his birth certificate, and articles of incorporation for a limited liability company called "matthew aaron simpson II." ECF No. 12. Notably, Simpson Bey has not explained how these documents in any way pertain to his claims in federal court.

## II. LEGAL STANDARD

Because Simpson Bey proceeds *in forma pauperis*, his claims must be reviewed under the standards set forth in 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) (recognizing that courts "must still screen" non-prisoner complaints under § 1915(e)(2)). Specifically, the Court must dismiss any claim that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 US.C. § 1915(e)(2)(B).

Simpson Bey also proceeds *pro se*, and so his pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Even so, Simpson Bey is not immune from compliance with the Civil Rules. His amended complaint must still set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), one that would "give the defendant[s] fair notice" of what the claim is and the grounds on which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Further, his amended complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556

- 4 -

U.S. 662, 678 (2009)) (holding that the Civil Rule 12(b)(6) standard also applies to dismissals under § 1915(e)(2)(B)(ii)).

Motions to seal items not authorized by statute or rule are beholden to Local Rule 5.3(b). Movants bear the heavy burden of overcoming a presumption in favor of open judicial records. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). When determining whether to seal records, courts must consider and specify findings as to "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary." *Id.* at 306.

### III. ANALYSIS

### A. Amended Complaint

Simpson Bey has filed four amended complaints since he first opened this case on November 21, 2025. ECF Nos. 8; 13; 14; 17. But it appears that Simpson Bey is treating amended complaints as mere addendums or supplements to his original complaint, which is not procedurally proper. *See* E.D. Mich. L.R. 15.1. Indeed, the third amended complaint, in its entirety, states: "I added a complaint and want to add two officers as defendants. Officer Paul Johnson. Officer Bob Scmiddt." ECF No. 14 at PageID.201. The Local Rules require that an amended complaint "reproduce the entire pleading as amended and may not incorporate any prior pleading by reference." *See* E.D. Mich. L.R. 15.1. As such, Simpson Bey's fourth

- 5 -

amended complaint is the governing complaint and will be screened pursuant to 28 U.S.C. § 1915(e)(2). *See Drake v. City of Detroit, Mich.*, 266 F. App'x 444, 448 (6th Cir. 2008) (holding that arguments in an original complaint do not carry over "because an amended complaint super[s]edes all prior complaints" and renders the original complaint "a nullity").

Simpson Bey's fourth amended complaint does not provide adequate factual allegations showing that he is entitled to relief. *See* FED. R. CIV. P. 8(a). In fact, Simpson Bey raises no legal authorities nor makes any requests for relief. His bald assertion that he has a right to enter a building without seeing a photograph of himself or having the CSOs check to see whether he needed to be escorted is simply no "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" (quoting *Twombly*, 550 U.S. at 557)). Thus, Simpson Bey has not stated a claim upon which relief can be granted, and this Court will dismiss the amended complaint. *See* 28 U.S.C. § 1915(e)(2)(B).

## B. Motions to Seal

At face value, this Court will not grant Simpson Bey's first motion to seal "all documents," ECF No. 9, because a seal mut be narrowly tailored and is only appropriate in exceptional circumstances where the privacy interest overcomes the

"strong presumption in favor of open judicial records." *See Shane Grp.*, 825 F.3d at 305.

As for his second motion, ECF No. 11, Simpson Bey has not complied with the requirements under Local Rule 5.3(b). *See* E.D. Mich. LR 5.3(b). Nor has he established compelling reasons that overcome the presumption of favoring public access. *See Shane Grp.*, 825 F.3d at 305. Simpson Bey argues that the documents are "trust property," but documents about a trust are not themselves inherently trust property. Moreover, Simpson Bey has not explained why "trust property" is "not for the public eye." *See id.* at 305–06 (holding that "[t]he proponent of the sealing therefore must analyze in detail, document by document, the proprietary of secrecy, providing reasons and legal citations") (internal quotation marks and citation omitted)).

Perhaps most importantly, he has not addressed why a redaction would not suffice. *See Press-Enterprise Co. v. Superior Ct. of Cal., Riverside Cnty.*, 464 U.S. 501, 520 – 21 (1984) (Marshall, J., concurring) (opining that only the most extraordinary circumstances should permit a full seal as opposed to redacting sensitive information). Instead, Simpson Bey's motions and pleadings contain hallmark language of sovereign citizen arguments, *see, e.g.*, ECF No. 16 at PageID.208, which courts have consistently rejected as meritless bases for legal arguments. *See, e.g.*, *Potter v. United States*, 161 Fed. Cl. 24, 28–29 (2022); *Cook v.*

*Kellogg Cmty. Credit Union*, No. 1:23-cv-843, 2024 WL 3607638, at *2 (W.D. Mich. June 26, 2024) ("In short, arguments based on sovereign citizen theories have been uniformly rejected by the federal courts for decades and should be summarily dismissed as frivolous."), *report and recommendation adopted* 2024 WL 3594638 (W.D. Mich. July 31, 2024). Absent compliance with the local rules and the provision of additional information containing clear, compelling reasons for a narrowly tailored seal, this Court will not grant Simpson Bey's motions.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that:

1. Plaintiff's Application to Proceed *Informa Pauperis*, ECF No. 16, is **GRANTED**;

2. Plaintiff's Fourth Amended Complaint, ECF No. 17, is **DISMISSED WITHOUT PREJUDICE**;

3. Plaintiff's Motions to Seal, ECF Nos. 9; 11, are **DENIED**;

4. Plaintiff is **DENIED** permission to appeal *in forma pauperis* because an appeal cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED.**

**This is a final order and closes the case**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: December 12, 2025